𝕴𝖓 𝖙𝖍𝖊 𝖀𝖓𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝕮𝖔𝖚𝖗𝖙
𝕱𝖔𝖗 𝖙𝖍𝖊 𝕹𝖔𝖗𝖙𝖍𝖊𝖗𝖓 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝖔𝖋 𝕴𝖑𝖑𝖎𝖓𝖔𝖎𝖘
𝕰𝖆𝖘𝖙𝖊𝖗𝖓 𝕯𝖎𝖛𝖎𝖘𝖎𝖔𝖓



|  |  |
|---|---|
| AGFA MONOTYPE CORPORATION, A Delaware corporation, and INTERNATIONAL TYPEFACE CORPORATION, a New York Corporation, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| BITSTREAM, INC., a Delaware corporation, | ) ) |
| Defendant. | ) |

JUN 2 4 2003

No. **03C 4349**

JUDGE AMY ST. EVE

MAGISTRATE JUDGE DENLOW

## COMPLAINT

NOW COME the plaintiffs, AGFA MONOTYPE CORPORATION and

INTERNATIONAL TYPEFACE CORPORATION, by their attorneys, Paul F. Stack,

Robert A. Filpi, and Cori Szczucki, and complaining against defendant, BITSTREAM, INC.,

allege as follows:

### The Parties

1.    Agfa Monotype Corporation ("Agfa Monotype") is a Delaware corporation

with its typographical division located primarily in Elk Grove Village, Illinois, and its

principal place of business in Wilmington, Massachusetts.

2.    International Typeface Corporation ("ITC") is a New York corporation with

its principal place of business in Elk Grove Village, Illinois.

3.    Bitstream, Inc. ("Bitstream") is a Delaware corporation with its principal place

of business in Cambridge, Massachusetts.

ORIGINAL

1

## Jurisdiction

4.      This Honorable Court has jurisdiction over the subject matter of this action pursuant to Title 15, United States Code, Section 1121(a) (Lanham Act), and Title 28, United States Code, Sections 1331 and 1338(a), Title 17, United States Code, Section 501 (a) and (b), and Title 17, United States Code, Section 1203.

5.      Venue properly lies in this district pursuant to Title 28, United States Code, Section 1391(b)(2).

## Background

6.      Agfa Monotype is engaged in creation, production, licensing, and distribution of computer software programs which, when used with appropriate hardware and software, generate human readable typeface designs on computer screens, printers, and other output devices. These programs are commonly known as "fonts." Agfa Monotype is the owner of many fonts.

7.      ITC is a wholly owned subsidiary of Agfa Monotype and is engaged in the licensing and distribution of fonts. ITC is the owner of the ITC Typeface Library which contains over 1,500 fonts.

8.      The fonts of Agfa Monotype and ITC are well known both for the quality of their fonts and, in particular, for the quality of the human readable representations of the typeface designs generated by their fonts.

9.      The fonts owned by Agfa Monotype and ITC are widely distributed in the United States and abroad under licenses that (i) strictly require that all copyright and

2

trademark notices in the fonts be maintained, and (ii) strictly prohibits any copying, distribution, or use beyond that expressly permitted in the licenses.

10.    Fonts which are original works of authorship are protected by the United States Copyright Act. Fonts owned by Agfa Monotype and ITC are original works of authorship.

11.    As the owners of copyrights in fonts, Agfa Monotype and ITC have certain exclusive rights as provided by the Copyright Act, including, *inter alia,* the exclusive rights to produce the copyrighted work in copies, to prepare derivative works based upon the copyrighted work, and to distribute copies of the copyrighted work to the public.

12.    In connection with their businesses Agfa Monotype and ITC distribute their fonts under various marks that are registered under the Trademark Act, as amended.

13.    Neither Agfa Monotype nor ITC sell fonts or license fonts under terms that would permit the purchaser or licensee to use, reproduce, or distribute the font in an unlimited manner without restrictions.

14.    All licensed distributions by Agfa Monotype and ITC, whether such distribution is done directly or indirectly through distributors, is done subject to an End User License Agreement ("EULA") that restricts the end user's use of the licensed product to a specified number of computers and/or output devices and prohibits the users from modifying the software programs. The EULA also strictly prohibits the further reproduction and/or distribution of the fonts in any manner not specifically authorized in the EULA.

15. Bitstream is the developer and distributor of a software program known as "TrueDoc". TrueDoc is designed and advertised to allow a user to take a font installed on his or her own system, partially copy the font into what Bitstream calls a "Portable Font Resource" ("PFR") data file, and transmit a document together with the copied font in a PFR data file to a remote location where the original document with the original fonts can be replicated regardless of whether the recipient at the remote location has the same fonts on his or her system.

16. TrueDoc performs its functions through use of what it terms a "Character Shape Recorder" or "CSR". The CSR copies certain information from the font software used to create the typeface design in the original document, including the data points in the font that font software manufacturers, such as Agfa Monotype and ITC, use to instruct the computer, printer, or other output device to replicate the particular typeface design. This information is used by the CSR to create a PFR data file that can be either embedded into or travel with the electronic copy of the original document.

17. The machine readable language detailing the placement of the data points in Agfa Monotype and ITC fonts is protected by copyright.

18. Since TrueDoc converts substantial parts of the copyrightable data in Agfa Monotype's and ITC's fonts into a modified form in a PFR data file, a PFR data file is derivative work as that term is used in the Copyright Act.

19. A PFR data file identifies the fonts contained therein by the trademarks used by Agfa Monotype or ITC to identify the fonts used in creating the original document.

4

20.  In converting a font in an original document to a PFR data file, TrueDoc removes the copyright string that is contained in all copyrighted fonts of Agfa Monotype and ITC.

21.  The recipient of a document with a PFR data file can use a feature of TrueDoc that it calls the "Character Shape Player" ("CSP") to replicate the original typeface shapes; however, the replication is not exact and the typefaces are of greatly inferior quality to the typefaces that are produced by the fonts distributed by Agfa Monotype and ITC that were used to create the original document.

## Count I

## (Trademark Infringement)

Plaintiffs reallege paragraphs 1-21, inclusive, as paragraphs 1-21 of this Count I.

22.     TrueDoc when used by the public to convert Plaintiffs' fonts into a PFR data file and when used to replicate the fonts contained in an original document is likely to induce the public to believe, contrary to fact, that the digitized typeface designs produced from a PFR data file originated with, are sponsored by, or are otherwise licensed or approved by, or connected with Agfa Monotype or ITC.  As such, Bitstream's conduct is likely to cause confusion as to the source or sponsorship of the digitized typeface designs that are identified in the TrueDoc PFR data file and replicated by the recipient of a transmitted document that contains a PFR data file, embedded with or transmitted with the document.

23.     Bitstream's use of marks owned or exclusively licensed by Agfa Monotype and ITC in connection with the distribution of digitized typeface designs is likely to cause confusion, mistake and deception, and therefore such use and threatened use infringes Agfa

Monotype's and ITC's exclusive rights in their marks at common law and under Sections 32(1) and 43 of the Lanham Act, Title 15, United States Code, Sections 1114 and 1125.

24.     Bitstream's use of marks registered to Agfa Monotype or ITC to identify altered versions of computer programs that generate those typeface designs is causing Agfa Monotype and ITC immediate and irreparable damage for which Agfa Monotype and ITC have no adequate remedy at law.

25.     Bitstream's conduct as described above is willful.

WHEREFORE, Agfa Monotype and ITC pray that the Court grant it the following relief:

(A) Grant a preliminary and permanent injunction prohibiting Bitstream from distributing TrueDoc or any other product that uses trademarks of Agfa Monotype or ITC to identify typeface designs and that includes such trademarks in a PFR data file or similar file that may be used by a recipient of such PFR data file to reproduce fonts owned by Agfa Monotype and ITC and identified by the marks owned by Agfa Monotype and ITC or any confusingly similar marks.

(B) Award Agfa Monotype and ITC actual or statutory damages for the violations of the Trademark Act.

(C) Grant Agfa Monotype and ITC their attorneys fees and cost; and

(D) Grant such other and further relief as the Court deems meet.

## Count II
## Copyright Infringement

Plaintiffs reallege paragraphs 1-21, inclusive, as paragraphs 1-21 of this Count II.

22. Agfa Monotype and ITC are the owners of the copyright in various fonts.

23. As the owners of such copyrights, Agfa Monotype and ITC have, *inter alia,* the exclusive rights to produce the copyrighted work in copies, to prepare derivative works based upon the copyrighted work, and to distribute copies of the copyrighted work to the public.

24. True Doc is designed to and used to produce derivative works of Agfa Monotype's and ITC's copyrighted computer programs.

25. The copying and distribution of such derivative works of Agfa Monotype's and ITC's copyrighted programs is without the permission or consent, express or implied, of Agfa Monotype or ITC.

26. Unless enjoined by this court, Bitstream will continue to infringe such copyrighted work thereby causing Agfa Monotype and ITC immediate and irreparable damage for which Agfa Monotype and ITC have no adequate remedy at law.

27. Irreparable damage may be presumed from a showing of copyright infringement.

28. The infringement complained of herein was willful on the part of Bitstream.

WHEREFORE, Agfa Monotype and ITC pray that the Court grant it the following relief:

(A) Grant a preliminary and permanent injunction prohibiting Bitstream from distributing TrueDoc or any other product that copies Agfa Monotype's or ITC's copyrighted software programs in original or derivative form to a PFR data file for subsequent reproduction by a recipient of the PFR.

7

(B)  Award Agfa Monotype and ITC actual or statutory damages for the violations of the Copyright Act.

(C)  Grant Agfa Monotype and ITC their attorneys fees and cost; and

(D)  Grant such other and further relief as the Court deems meet.

### Count III

### (Violation of Digital Millennium Copyright Act
### Removal of Copyright Management Information)

Plaintiffs reallege paragraphs 1-21, inclusive, as paragraphs 1-21 of this Count III.

22.  On October 28, 1998, Congress enacted the Digital Millennium Copyright Act. Section 1202 (codified) of the Act, 17 U.S.C. § 1202, provides in part:

(a)  No person shall knowingly and with the intent to induce, enable, facilitate, or conceal infringement—

(1)  provide copyright management information that is false, or

(2)  distribute or import for distribution copyright management information that is false.

(b)  No person shall without the authority of the copyright owner or the law –

(1)  intentionally remove or alter any copyright management information,

(2)  distribute or import for distribution copyright management information knowing that the copyright management information has been removed or altered without authority of the copyright owner or the law, or

(3)  distribute, import for distribution, or publicly perform works, copies of works, or phonorecords, knowing that the copyright management information has been removed or altered without the authority of the copyright owner or the law, knowing or with respect to civil remedies under section 1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.

23. Such provision became effective on October 28, 2000, two years from the date of enactment.

24. Copyright strings in Agfa Monotype and ITC fonts are "copyright management information" under the DMCA. By removing copyright strings from the copyrighted fonts of Agfa Monotype and ITC, Bitstream's conduct violates section 1202 of the Copyright Act, as amended and has caused and is causing great damage to Agfa Monotype and ITC.

25. Agfa Monotype and ITC have no adequate remedy at law.

26. Unless enjoined Bitstream will continue to violate the rights of Agfa Monotype and ITC under section 1202.

27. Bitstream's conduct set forth above was willful.

WHEREFORE, Agfa Monotype prays that the Court grant it the following relief:

(A) Grant a preliminary and permanent injunction prohibiting Bitstream from distributing its TrueDoc program so long as that program removes copyright management information from fonts.

(B) Award Agfa Monotype and ITC actual or statutory damages for the multiple violations of Section 1202 of the Copyright Act.

(C) Grant Agfa Monotype and ITC its attorneys fees and cost; and

(D) Grant such other and further relief as the Court deems meet.

Agfa Monotype Corporation and
International Typeface Corporation

By: _____

One of their Attorneys

Paul F. Stack
Robert A. Filpi
Cori Szczucki
Stack & Filpi Chartered
140 S. Dearborn St.  Suite 411
Chicago, Illinois 60603
(312) 782-0690
Facsimile:  (312) 782-0936




Civil Cover Sheet                                                                    Page 1 of 2

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

# **Civil Cover Sheet**

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in
September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The
information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required
by law. This form is authorized for use *only* in the Northern District of Illinois.

---

**Plaintiff(s):** AGFA MONOTYPE
**CORPORATION and INTERNATIONAL**          **Defendant(s):**BITSTREAM, INC.
**TYPEFACE CORPORATION**

County of Residence:                       County of Residence: **03C 4349**

Plaintiff's Atty:  Robert A. Filpi         Defendant's A
                   Stack & Filpi Chartered
                   140 S. Dearborn St. #411
                   Chicago, IL 60603                        JUDGE AMY ST. EVE
                   312-782-0690

---

II. Basis of Jurisdiction:      **3. Federal Question (U.S. not a party)**

III. Citizenship of Principal
Parties **(Diversity Cases Only)**
                    Plaintiff:- **N/A**
                    Defendant:- **N/A**                                JUL 24 2003

IV. Origin :                    **1. Original Proceeding**

V. Nature of Suit:              **820 Copyrights**

VI.Cause of Action:             **The Lanham Act and the Copyright Act.**

VII. Requested in Complaint
                Class Action: **No**
                Dollar Demand:
                Jury Demand: **Yes**

VIII. This case **IS NOT** a refiling of a previously dismissed case.

---

Signature: _Robert A Filpi_

Date: _6/24/2003_

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### Eastern Division

In the Matter of

AGFA MONOTYPE CORPORATION and INTERNATIONAL
TYPEFACE CORPORATION,
Plaintiffs,
v.
BITSTREAM, INC.,
Defendant.

Case Number: 03C 4349

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR JUDGE AMY ST. EVE

Plaintiffs, AGFA MONOTYPE CORPORATION and INTERNATIONAL TYPEFACE

CORPORATION.

MAGISTRATE JUDGE DENLOW

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME Paul F. Stack | NAME Robert A. Filpi |
| FIRM Stack & Filpi Chartered | FIRM Stack & Filpi Chartered |
| STREET ADDRESS 140 S. Dearborn Street, Suite 411 | STREET ADDRESS 140 S. Dearborn Street, Suite 411 |
| CITY/STATE/ZIP Chicago, Illinois 60603 | CITY/STATE/ZIP Chicago, Illinois 60603 |
| TELEPHONE NUMBER (312) 782-0690 | TELEPHONE NUMBER (312) 782-0690 |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 2698544 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 804444 |
| MEMBER OF TRIAL BAR? YES ✔ NO | MEMBER OF TRIAL BAR? YES ✔ NO |
| TRIAL ATTORNEY? YES ✔ NO | TRIAL ATTORNEY? YES ✔ NO |
| | DESIGNATED AS LOCAL COUNSEL? YES NO |
| (C) | (D) |
| SIGNATURE | SIGNATURE |
| NAME Cori A. Szczucki | NAME |
| FIRM Stack & Filpi Chartered | FIRM |
| STREET ADDRESS 140 S. Dearborn Street, Suite 411 | STREET ADDRESS |
| CITY/STATE/ZIP Chicago, Illinois 60603 | CITY/STATE/ZIP |
| TELEPHONE NUMBER (312) 782-0690 | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6278572 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES NO ✔ | MEMBER OF TRIAL BAR? YES NO |
| TRIAL ATTORNEY? YES NO ✔ | TRIAL ATTORNEY? YES NO |
| DESIGNATED AS LOCAL COUNSEL? YES NO | DESIGNATED AS LOCAL COUNSEL? YES NO |