# In the United States District Court
# For the Northern District of Illinois
# Eastern Division

| | |
|---|---|
| AGFA MONOTYPE CORPORATION, ) <br> A Delaware corporation, and INTERNATIONAL ) <br> TYPEFACE CORPORATION, a New York ) <br> Corporation, ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> BITSTREAM, INC., a Delaware corporation, ) <br> ) <br> Defendant. ) | No.:03 C 4349 <br><br> Judge Amy St. Eve <br> Magistrate Judge Denlow |

## FIRST AMENDED COMPLAINT

NOW COME the plaintiffs, AGFA MONOTYPE CORPORATION and INTERNATIONAL TYPEFACE CORPORATION, by their attorneys, Paul F. Stack, Robert A. Filpi, and Cori Szczucki, and complaining against defendant, BITSTREAM, INC., allege as follows:

### The Parties

1.  Agfa Monotype Corporation ("Agfa Monotype") is a Delaware corporation with its typographical division located primarily in Elk Grove Village, Illinois, and its principal place of business in Wilmington, Massachusetts.

2.  International Typeface Corporation ("ITC") is a New York corporation with its principal place of business in Elk Grove Village, Illinois.

3.  Bitstream, Inc. ("Bitstream") is a Delaware corporation with its principal place of business in Cambridge, Massachusetts.



## Jurisdiction

4.  This Honorable Court has jurisdiction over the subject matter of this action pursuant to Title 15, United States Code, Section 1121(a) (Lanham Act), and Title 28, United States Code, Sections 1331 and 1338(a), Title 17, United States Code, Section 501 (a) and (b), and Title 17, United States Code, Section 1203.

5.  Venue properly lies in this district pursuant to Title 28, United States Code, Section 1391(b)(2).

## Background

6.  Agfa Monotype is engaged in creation, production, licensing, and distribution of computer software programs which, when used with appropriate hardware and software, generate human readable typeface designs on computer screens, printers, and other output devices. These programs are commonly known as "fonts." Agfa Monotype is the owner of approximately 400 fonts.

7.  ITC is a wholly owned subsidiary of Agfa Monotype and is engaged in the licensing and distribution of fonts. ITC is the owner of the ITC Typeface Library, which contains over 1,500 fonts.

8.  Agfa Monotype and ITC are well known both for the quality of their typeface designs and, in particular, for the quality of the human readable representations of the typeface designs generated by their fonts.

9.  The fonts owned by Agfa Monotype and ITC are widely distributed in the United States and abroad under licenses that (i) strictly require that all copyright and

trademark notices in the fonts be maintained, and (ii) strictly prohibit any copying, distribution, or use beyond that expressly permitted in the licenses.

10. Fonts, which are original works of authorship, are protected by the United States Copyright Act. Fonts owned by Agfa Monotype and ITC are original works of authorship for which they claim copyright. .

11. As the owners of copyrights in fonts, Agfa Monotype and ITC have certain exclusive rights as provided by the Copyright Act, including, *inter alia*, the exclusive rights to produce the copyrighted work in copies, to prepare derivative works based upon the copyrighted work, and to distribute copies of the copyrighted work to the public.

12. In connection with their businesses Agfa Monotype and ITC distribute their fonts under various marks. Some of these marks are registered under the Trademark Act, as amended, while others are unregistered trademarks.

13. Neither Agfa Monotype nor ITC sell fonts or license fonts under terms that would permit the purchaser or licensee to use, reproduce, distribute, or prepare derivative copies of the fonts in an unlimited manner without restrictions.

14. All licensed distributions by Agfa Monotype and ITC, whether such distribution is done directly or indirectly through distributors, is done subject to an End User License Agreement ("EULA") that restricts the end user's use of the licensed product to a specified number of computers and/or output devices and prohibits the users from modifying the software programs. The EULA also strictly prohibits the further reproduction and/or distribution of the fonts in any manner not specifically authorized in the EULA.

15. Bitstream is the developer and distributor of a software program known as "TrueDoc". TrueDoc is designed and advertised to allow a user to take a font installed on his or her own system, partially copy the font into what Bitstream calls a "Portable Font Resource" ("PFR") data file, and transmit a document together with the copied font in a PFR data file to a remote location where the original document with the original fonts can be replicated regardless of whether the recipient at the remote location has the same fonts on his or her system.

16. TrueDoc performs its functions through use of what Bitstream terms a "Character Shape Recorder" or "CSR". The CSR copies certain information from the font software used to create the typeface design in the original document, including the data points in the font that font software manufacturers, such as Agfa Monotype and ITC, use to instruct the computer, printer, or other output device to replicate the particular typeface design. This information is used by the CSR to create a PFR data file that can be either embedded into or travel with the electronic copy of the original document.

17. Bitstream is also the developer and distributor of other software products that contain or use a "Character Shape Recorder" or "CSR" or which may be used to create "Portable Font Resource" data files or "PFR" files. Other Bitstream products containing these technologies include: TrueDoc Printing System, TrueDoc Imaging System (TDIS), TrueDoc SDK (Software Developer's Kit), WebFontMaker (in PC and Mac versions), and Pageflex publishing software (including Mpower, Persona, Studio, and .EDIT) and are sometimes referred to herein as "Other Bitstream Products".

18. The machine readable language detailing the placement of the data points in Agfa Monotype and ITC fonts are protected by copyright.

19. Since TrueDoc and, on information and belief, the Other Bitstream Products convert substantial parts of the copyrightable data in Agfa Monotype's and ITC's fonts into a modified form in a PFR data file, a PFR data file is a derivative work as that term is used in the Copyright Act.

20. A PFR data file identifies the fonts contained therein by the trademarks used by Agfa Monotype or ITC to identify the fonts used in creating the original document.

21. In converting a font in an original document to a PFR data file, TrueDoc and, on information and belief, the Other Bitstream Products remove the copyright string that is contained in all copyrighted fonts of Agfa Monotype and ITC.

22. The recipient of a document with a PFR data file can use a feature of TrueDoc and, on information and belief, of the Other Bitstream Products that Bitstream calls the "Character Shape Player" ("CSP") to replicate the original typeface shapes; however, the replication is not exact and the typefaces are of greatly inferior quality to the typefaces that are produced by the fonts distributed by Agfa Monotype and ITC that were used to create the original document.

### Count I

### (Trademark Infringement)

Plaintiffs reallege paragraphs 1-22, inclusive, as paragraphs 1-22 of this Count I.

5

23. TrueDoc and the Other Bitstream Products when used by the public to convert Plaintiffs' fonts into a PFR data file and when used to replicate the fonts contained in an original document is likely to induce the public to believe, contrary to fact, that the digitized typeface designs produced from a PFR data file originated with, are sponsored by, or are otherwise licensed or approved by, or connected with Agfa Monotype or ITC. As such, Bitstream's conduct is likely to cause confusion as to the source or sponsorship of the digitized typeface designs that are identified in the TrueDoc PFR data file and replicated by the recipient of a transmitted document that contains a PFR data file, embedded with or transmitted with the document.

24. Bitstream's use of marks owned or exclusively licensed by Agfa Monotype and ITC in connection with the distribution of digitized typeface designs that have been converted into a PFR data files is likely to cause confusion, mistake and deception, and therefore such use and threatened use infringes Agfa Monotype's and ITC's exclusive rights in their marks at common law and under Sections 32(1) and 43 of the Lanham Act, Title 15, United States Code, Sections 1114 and 1125.

25. Bitstream's use of marks registered to Agfa Monotype or ITC or used by Agfa Monotype or ITC to identify altered versions of computer programs that generate those typeface designs is causing Agfa Monotype and ITC immediate and irreparable damage for which Agfa Monotype and ITC have no adequate remedy at law.

26. Bitstream's conduct as described above is willful.

WHEREFORE, Agfa Monotype and ITC pray that the Court grant it the following relief:

6

(A) Grant a preliminary and permanent injunction prohibiting Bitstream from distributing TrueDoc or any other product that uses trademarks of Agfa Monotype or ITC to identify typeface designs and that includes such trademarks in a PFR data file or similar file that may be used by a recipient of such PFR data file to reproduce fonts owned by Agfa Monotype and ITC and identified by the marks owned by Agfa Monotype and ITC or any confusingly similar marks.

(B) Award Agfa Monotype and ITC actual or statutory damages for the violations of the Trademark Act.

(C) Grant Agfa Monotype and ITC their attorneys fees and cost; and

(D) Grant such other and further relief as the Court deems meet.

## Count II
## Copyright Infringement

Plaintiffs reallege paragraphs 1-22, inclusive, as paragraphs 1-22 of this Count II.

23. Agfa Monotype and ITC are the owners of the copyright in various fonts.

24. As the owners of such copyrights, Agfa Monotype and ITC have, *inter alia*, the exclusive rights to produce the copyrighted work in copies, to prepare derivative works based upon the copyrighted work, and to distribute copies of the copyrighted work to the public.

25. True Doc and, on information and belief, the Other Bitstream Products are designed to and used to produce derivative works of Agfa Monotype's and ITC's copyrighted fonts.

7

26. The copying and distribution of such derivative works of Agfa Monotype's and ITC's fonts is without the permission or consent, express or implied, of Agfa Monotype or ITC.

27. Unless enjoined by this court, Bitstream will continue to infringe such copyrighted work thereby causing Agfa Monotype and ITC immediate and irreparable damage for which Agfa Monotype and ITC have no adequate remedy at law.

28. Irreparable damage may be presumed from a showing of copyright infringement.

29. The infringement complained of herein was willful on the part of Bitstream.

WHEREFORE, Agfa Monotype and ITC pray that the Court grant it the following relief:

(A) Grant a preliminary and permanent injunction prohibiting Bitstream from distributing TrueDoc or any other product that copies Agfa Monotype's or ITC's copyrighted software programs in original or derivative form to a PFR data file for subsequent reproduction by a recipient of the PFR.

(B) Award Agfa Monotype and ITC actual or statutory damages for the violations of the Copyright Act.

(C) Grant Agfa Monotype and ITC their attorneys fees and cost; and

(D) Grant such other and further relief as the Court deems meet.

## Count III

### (Violation of Digital Millennium Copyright Act Removal of Copyright Management Information)

8

Plaintiffs reallege paragraphs 1-22, inclusive, as paragraphs 1-22 of this Count III.

23. On October 28, 1998, Congress enacted the Digital Millennium Copyright Act ("DMCA"). Section 1202 (codified) of the Trademark Act, 17 U.S.C. § 1202, provides in part:

> (a) No person shall knowingly and with the intent to induce, enable, facilitate, or conceal infringement—
>
> > (1) provide copyright management information that is false, or
> >
> > (2) distribute or import for distribution copyright management information that is false.
>
> (b) No person shall without the authority of the copyright owner or the law —
>
> > (1) intentionally remove or alter any copyright management information,
> >
> > (2) distribute or import for distribution copyright management information knowing that the copyright management information has been removed or altered without authority of the copyright owner or the law, or
> >
> > (3) distribute, import for distribution, or publicly perform works, copies of works, or phonorecords, knowing that the copyright management information has been removed or altered without the authority of the copyright owner or the law, knowing or with respect to civil remedies under section 1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.
>
> knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.

24. Such provision became effective on October 28, 2000, two years from the date of enactment.

9

25. Copyright strings in Agfa Monotype's and ITC's fonts are "copyright management information" under the DMCA. By removing copyright strings from the copyrighted fonts of Agfa Monotype and ITC, Bitstream's conduct violates section 1202 of the Copyright Act, as amended and has caused and is causing great damage to Agfa Monotype and ITC.

26. Agfa Monotype and ITC have no adequate remedy at law.

27. Unless enjoined Bitstream will continue to violate the rights of Agfa Monotype and ITC under section 1202.

28. Bitstream's conduct set forth above was willful.

WHEREFORE, Agfa Monotype prays that the Court grant it the following relief:

(A) Grant a preliminary and permanent injunction prohibiting Bitstream from distributing its TrueDoc program and the Other Bitstream Products so long as those programs removecopyright management information from fonts.

(B) Award Agfa Monotype and ITC actual or statutory damages for the multiple violations of Section 1202 of the Copyright Act.

(C) Grant Agfa Monotype and ITC its attorneys fees and cost; and

(D) Grant such other and further relief as the Court deems meet.

Dated: November 19 2003

Agfa Monotype Corporation and
International Typeface Corporation

By: _____
One of their Attorneys

Paul F. Stack
Robert A. Filpi
Cori Szczucki
Stack & Filpi Chartered
140 S. Dearborn St. Suite 411
Chicago, Illinois 60603
(312) 782-0690
Facsimile: (312) 782-0936

## CERTIFICATE OF SERVICE

The undersigned has caused the foregoing First Amended Complaint to be served upon the Defendant by depositing a copies thereof in the United States mail with first class postage prepaid on November 19, 2003, addressed as follows:

Peter C. John
Eric R. Lifvendahl
Williams, Montgomery & John
20 North Wacker Drive          Facsimile:  312 443 8530
2100 Civic Opera Building       (Mr. Lifvendahl's fax)
Chicago, Illinois 60606-3094

Jeffrey L. Snow
Tara C. Clancy
Kirkpatrick & Lockhart, LLP    Facsimile:  617 261 3175
75 State Street
Boston, Massachusetts 02109

_____
One of the Attorneys for Plaintiffs